**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**IN ADMIRALTY**

**PETERS SCHIFFBAU GmbH,**

**Plaintiff**

**-vs-** **Case No. 10-62198-Cv-Cooke/Bandstra**

**ASH CHURCH HOLDINGS LTD.,**

**Defendants**
_______________________________________/

# AMENDED VERIFIED COMPLAINT

Plaintiff, PETERS SCHIFFBAU GmbH, by and through undersigned counsel, sues M/Y LE GRAND BLEU and its owner, ASHCHURCH HOLDINGS LTD, and alleges as follows:

1. This is an action within this Court's admiralty and maritime jurisdiction pursuant to 28 USC §1333, 28 USC §1330, Supplemental Rule B for Certain Admiralty and Maritime Claims, Fed.R.Civ.P. Rule 9(h), and the supplemental jurisction of this Court pursuant to 28 USC §1367. Jurisdiction also lies in this Court pursuant to 28 USC §1367, in that the claims against the Defendant are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Jurisdiction and venue are proper in this Court because the property owned by the Defendant is presently located within this District.

3. At all time material hereto, Plaintiff, PETERS SCHIFFBAU GmbH, was and still is a German Corporation, and was and still is the provider of maritime repair services to vessels.

4. The MY LE GRAND BLEU, is a 370 feet motor yacht registered in Bermuda. Its owner and manager is Defendant, ASH CHURCH HOLDINGS LTD., whose address is 3rd Floor, Omar Hodge Building, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands. Defendant, MY LE GRAND BLEU, is presently located within this District and within the jurisdiction of the Court. The M/Y LE GRAND BLEU is presently located at Port Everglades, Broward County, Florida, Pier 1, Berth 14.

5. At all times material hereto, the M/Y LE GRAND BLEU was owned and operated by ASHCHURCH HOLDINGS LTD.

**COUNT I**
**BREACH OF WRITTEN CONTRACT v. ASHCURCH HOLDINGS LTD.**

6. Plaintiff re-alleges and incorporates herein paragraphs 1 though 5, above, as if fully stated herein and further alleges:

7. On or about February 5, 2010, Defendant, ASHCHURCH HOLDINGS LTD. entered into a written contract with Plaintiff for repairs and refit to the MY LE GRAND BLEU. *See Contract between Plaintiff and Defendant, ASHCHURCH HOLDINGS LTD*, attached hereto as Exhibit 1.

8. Defendant, ASHCHURCH HOLDINGS LTD. ordered all of the repairs, work and labor listed in the contract to be performed onboard the MY LE GRAND BLEU.

9. Plaintiff performed the work contracted for and requested by Defendant, ASHCHURCH HOLDINGS LTD., and invoiced Defendant, ASHCHURCH HOLDINGS LTD. for the work performed.

10. Defendant, ASHCHURCH HOLDINGS LTD breached its contract with Plaintiff, by failing to pay two of the invoices; in particular, despite appropriate demands by Plaintiff,

Defendant, ASHCHURCH HOLDINGS LTD failed to pay Plaintiff's invoice dated July 23, 2010 in the amount of EUR 148,848.80 and Plaintiff's invoice dated August 19, 2010 in the amount of EUR 137,455.21. *See Invoices*, attached hereto as Composite Exhibit 2.

11. As a direct and proximate cause of Defendant, ASHCHURCH HOLDINGS LTD.'s breach of contract, Plaintiff has sustained damages of EUR 286,304.01, plus prejudgment interest, taxable costs and attorneys' fees.

WHEREFORE, Plaintiff requests the Court enter judgment against Defendant, ASHCHURCH HOLDINGS LTD. in the full amount of Plaintiff's damages, plus prejudgment interest, attorneys' fees and costs.

**COUNT II**
**MARITIME ATTACHMENT AND GARNISHMENT**
**PROPERTY OF DEFENDANTS**

12. Plaintiff re-alleges and incorporates herein paragraphs 1 through 5, above, as if fully stated herein and further alleges:

13. Despite a diligent search, Defendant cannot be located within this District, but Defendant's assets are located within this District and within the jurisdiction of this Court.

14. Defendant's assets within this District consist of the MY LE GRAND BLEU ("the property"), currently located at Port Everglades, Broward County, Florida, Pier 1, Bert 14.

15. The property may be attached pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure and sold to satisfy the claims herein.

16. Plaintiff is not seeking this attachment for the purposes of injuring or harassing Defendant.

17. Plaintiff will be prejudiced in its recovery against Defendant absent a process of maritime attachment.

18. Plaintiff seeks an Order from this Court directing the Clerk or Court to issue a Process of Maritime Attachment, pursuant to Rule B of the Supplemental Rules, attaching *inter alia*, not only the Property described herein, but also of any assets belonging to Defendant which may be found in this District for purposes of obtaining personal jurisdiction over Defendant as well as to secure Plaintiff's claims.

19. Plaintiff avers that exigent circumstances exist which make this Court's review impracticable, and that the Court should direct the Clerk to immediately issue a warrant for process of maritime attachment of the Property.

WHEREFORE, Plaintiff respectfully demands judgment, and pursuant to Local Admiralty Rule E(1) requests that:

(A) Process according to the practice of this Court issue against Defendants; and

(B) If Defendant cannot be found within the District, as stated in the Affidavit contained herein, that all of its property within the District be attached as set forth in this Amended Complaint, in an amount including:

(1) EUR 286,304.01 on the unpaid invoices;

(2) Interest;

(3) Attorneys' fees;

(4) Costs and expenses;

(C) That Defendant's property as attached herein be condemned and sold to satisfy any judgment;

(D) That Plaintiff be awarded such further relief that the Court deems just and proper.

SIGNED this 15th day of November, 2010.

DeORCHIS, HILLENBRAND &
O'BRIEN, LLP
Attorneys for Peters Schiffbau GmbH
8751 West Broward Boulevard, Suite 106
Fort Lauderdale, Florida 33324
Telephone: (954) 652-0100
Fax: (954) 652-0103

By: Vincent O'Brien
VINCENT O'BRIEN
Florida Bar Number 991430

**AMENDED AFFIDAVIT VERIFYING COMPLAINT BY ATTORNEY OF RECORD (Local Admiralty Rule (A)(5)**

Pursuant to 28 USC §1746 and Local Admiralty Rule (A)(5) of the United States District Court, Southern District of Florida, I declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am the attorney of record for Plaintiff and am authorized to make this representation on behalf of Plaintiff's corporate officers;

2. My source of knowledge, information and belief is from conversations with the corporate officers of Plaintiff and my review of all paperwork provided to me by the Plaintiff that is relevant to this cause;

3. Plaintiff and its corporate officers are not within the Southern District of Florida at the time of filing this Complaint for the arrest of the subject vessel;

4. The Verified Complaint filed by Plaintiff is true to the best of my knowledge, information and belief;

5. Verification is not made by Plaintiff or its corporate officer because Plaintiff is located outside the Southern District of Florida, and the authorization cannot be obtained and filed prior to the vessel that is the subject of the arrest possibly leaving the jurisdiction.

Vincent O'Brien

VINCENT O'BRIEN
Attorney of Record