UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

CASE NO. 10-62198-CIV-Cooke/Bandstra

PETERS SCHIFFBAU GmbH,

*Plaintiff,*

vs.

ASH CHURCH HOLDINGS, LTD.,

*Defendant.*
_____________________________________/

**DEFENDANT ASHCHURCH HOLDINGS, LTD.'S MOTION TO DISMISS AMENDED VERIFIED COMPLAINT**

The Defendant Ashchurch Holdings, Ltd. ("Ashchurch"), appearing by and through undersigned counsel in a restricted capacity pursuant to Supplemental Admiralty Rule E(8) and as set forth in Ashchurch's Verified Claim of Owner (DE 18), hereby moves to dismiss the Plaintiff's Amended Verified Complaint ("AVC") (1) for improper venue and (2) for failing to state a claim upon which relief can be granted. Ashchurch also moves to strike the Plaintiff's request to attach any assets belonging to Ashchurch which may be found in this District.[1]

## I. Introduction

This action arises out of the Contract for Refit and Repair of the *M/Y Le Grand Bleu*

[1] The Plaintiff has failed to serve a Summons or effectuate service of process on Ashchurch in the manner prescribed by Federal Rule of Civil Procedure 4(f) and (h) (requiring service on a corporation in a foreign country by "any internationally agreed means of service" or "as prescribed by the foreign country's law for service in that country"). In the interest of obtaining a ruling on whether this Court is the proper venue for the adjudication of the Plaintiff's claims against Ashchurch, the instant Motion does not seek to quash the attempted service of process on Ashchurch. However, Ashchurch expressly reserves the right to challenge service of process at a later time, in the event this action is not dismissed for improper venue.

("Contract"), which the Plaintiff alleges was breached by Ashchurch. [DE 5, ¶¶7-11; the Contract is attached as Exhibit 1 to the initial Complaint filed by the Plaintiff]. The Contract contains a mandatory forum selection clause which clearly and unambiguously mandates that the High Court of England and Wales in London has the exclusive jurisdiction to settle any disputes arising out of or in connection with the Contract. *See Contract* at Art. 14, entitled "**Law and Jurisdiction**". Pursuant to the mandatory forum selection clause, Ashchurch respectfully submits that this Court is the improper venue for adjudication of the Plaintiff's claims, and the Plaintiff's AVC should be dismissed.[2]

Ashchurch also moves to dismiss the AVC for failing to state a claim upon which relief can be granted and to strike the Plaintiff's request to attach any assets belonging to Ashchurch which may be found in this District.

## II. This Court is Not the Proper Venue for the Plaintiff's Claims Against Ashchurch

"It is well settled that forum selection clauses 'are presumptively valid where the underlying transaction is fundamentally international in character.'" *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261 (S.D. Fla. 2004), citing *Lipcon v. Underwriters at Lloyd's*, *London*, 148 F.3d 1285 (11th Cir. 1998), citing *M/S Bremen v. Zapata*, 407 U.S. 1 (1972). "In *Bremen*, the [United States Supreme] Court gave strong approval to [forum selection] clauses, stating: 'There are compelling reasons why a freely negotiated private international agreement, unaffected by

[2] The parties entered into an agreement whereby Ashchurch provided a bond in the amount of €346,886.19 as substitute security for the *M/Y Le Grand Bleu* and her boats, tackle, apparel and furniture, engines and appurtenances. [DE 15]. The bond provides that it shall serve as security in the event of final judgment by this Court "and/or in respect of the Contract for Refit and Repair." *Id*. The bond shall serve as security and preclude any future arrest or attachment of the *M/Y Le Grand Bleu*, or any other property belonging to Ashchurch, until such time as the Plaintiff's claims arising out of the Contract are resolved in this Court or in any other jurisdiction. Therefore, dismissal of the instant action for Improper Venue will not disturb or



MALTZMAN FOREMAN, P.A., 2 South Biscayne Boulevard, Suite 2300, Miami, FL 33131 Tel: 305-358-6555/Fax: 305-374-9077

fraud, undue influence, or overweening bargaining power…should be given full effect.'" *Pelican Ventures LLC v. Azimut S.p.A*, No. 03-62119-CIV-Martinez/Klein, 2004 U.S. Dist. LEXIS 26764 *5 (S.D. Fla. July 28, 2004), quoting *Bremen*, 92 S. Ct. at 1914-15. "A forum selection clause should control 'absent a strong showing that it should be set aside.'" *Id.*, quoting *Bremen* at 1916.

In analyzing a forum selection clause, the court must determine whether the clause is permissive or mandatory. *Arthrex, Inc. v. Orthogen AG*, No. 2:05-cv-121, 2006 U.S. Dist. LEXIS 28814 *10 (M.D. Fla. May 10, 2006), citing *Florida Polk County v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 (11th Cir. 1999). "**[I]f the clause makes clear that jurisdiction can only be in one place, then it must be construed as mandatory.**" *Pelican Ventures*, 2004 U.S. Dist. LEXIS 26764 *7 (emphasis added); *see also Crystal Entm't & Filmworks, Inc. v. Jurado*, No. 08-60125-CIV-Cooke/Bandstra, 2008 U.S. Dist. LEXIS 94753 *6 (S.D. Fla. Nov. 20, 2008) ("A mandatory clause dictates an exclusive forum for litigation under the contract.") (quotations omitted). An action is subject to dismissal based on a forum selection clause "if the import of the language as a whole is to provide a particular court or courts with 'exclusive jurisdiction[.]'" *Wai*, 315 F. Supp. 2d at 1270.[3]

The Contract in this case contains a mandatory forum selection clause which clearly designates the High Court of England and Wales as the only venue for litigation of claims arising out of the Contract:

---

void the bond as substitute security for the *M/Y Le Grand Bleu* and her boats, tackle, apparel and furniture, engines and appurtenances.

[3] "In deciding whether a forum selection clause is enforceable, [the Eleventh Circuit] follows the rule which requires courts to determine whether the language is mandatory or permissive." *Pelican Ventures*, 2004 U.S. Dist. LEXIS 26764 *6 (applying the mandatory/permissive rule to forum selection clause contained in contract that called for application of Italian law), citing *Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1231 (11th Cir. 1985).

> The Parties hereto **irrevocably agree** that the High Court of England and Wales in London, United Kingdom has the **exclusive** (except to the extent this Contract provides for a decision of the Classification Society)[4] **jurisdiction** to settle any disputes that may arise out of or in connection with this Contract and said parties submit to the jurisdiction of said High Court of England and Wales.

*Contract* at Art. 14 (emphasis added). In *Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285 (11th Cir. 1998), the Eleventh Circuit held a substantially similar clause to be mandatory and enforceable:

> Each party hereto **irrevocably agrees** that the courts of England shall have **exclusive jurisdiction** to settle any dispute and/or controversy of whatsoever nature arising out of or relating to the member's Membership…and that accordingly any suit, action or proceeding…arising out of or relating to such matters shall be brought in such courts…

*Pelican Ventures*, 2004 U.S. Dist. LEXIS 26764 *10, quoting *Lipcon*, 148 F.3d at 1288 (emphasis added). Notably, seven (7) other federal courts of appeal have addressed the "precise" forum selection clause that was before the *Lipcon* Court, and "**all seven courts have concluded that the clauses are valid and enforceable**." *Lipcon*, 148 F.3d at 1291 (emphasis added).[5]

Forum selection clauses have likewise been enforced in admiralty cases involving the arrest and/or attachment of a foreign defendant's property pursuant to the Supplemental Admiralty Rules. For example, in *Trafigura Beheer B.V. v. M/T Probo Elk*, 266 Fed. Appx. 309, 310 (5th Cir. 2007), a case involving an attempted vessel arrest, the contract between the parties

---

[4] With respect to the Classification Society, the Contract provides: "In the event of a dispute about whether or not the Vessel is ready to be accepted by the Owner such dispute shall be decided by the Classification Society whose decision shall be final and binding upon both Parties." *Contract* at Art. 8, entitled "**Sea Trials and Acceptance of the Vessel**".

[5] The seven federal circuit courts that found the forum selection clause in *Lipcon* to be valid and enforceable are *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998); *Haynsworth v. The Corporation a/k/a Lloyd's of London*, 121 F.3d 956 (5th Cir. 1997); *Allen v. Lloyd's of London*, 94 F.3d 923 (4th Cir. 1996); *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir. 1995); *Bonny v. Society of Lloyd's*, 3 F.3d 156 (7th Cir. 1993), *cert. denied*, 510 U.S. 1113 (1994); *Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir.), *cert. denied*, 510 U.S. 945 (1993); and *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir.), *cert. denied*, 506 U.S. 1021

contained a forum selection clause stating that "The High Court in London shall have exclusive jurisdiction over any dispute which may arise out of this charter." In *Trafigura*, the Fifth Circuit affirmed the district court's dismissal for improper venue after finding that the forum selection clause was enforceable. *Id.* at 311; *see also Polar Shipping Limited v. Oriental Shipping Corp.*, 680 F.2d 627 (9th Cir. 1982) (enforcing forum selection clause following Rule B attachment of the defendant's property); *Consub Delaware LLC v. Scahin Engenharia Limitada*, No. 07-0833-cv, 2008 AMC 2113 (2d Cir. 2008), *abrogated on other grounds by Shipping Corp. of India v. Jaldhi Overseas PTE Ltd.*, 585 F.3d 58 (2d Cir. 2009) (enforcing forum selection clause following Rule B attachment of the defendant's property).

Just like the forum selection clauses that were enforced in *Lipcon* and *Trafigura*, the mandatory forum selection clause in this case clearly and unequivocally mandates that the High Court of England and Wales in London, United Kingdom has the "**exclusive**" jurisdiction over all claims arising out of or in connection with the Contract. *See Contract* at ¶14 (emphasis added). Ashchurch respectfully submits that this Court is not the proper venue for adjudicating the Plaintiff's claims against it and requests that the Plaintiff's AVC be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

The following sections are moot if this Court dismisses the instant lawsuit for improper venue. However, they are included here in an abundance of caution to preserve all available defenses.

## III. The Plaintiff has Failed to Allege a Prima Facie Claim for Breach of Contract

Count I of the AVC alleges that Ashchurch breached the Contract because it did not pay two invoices. [DE 5, ¶¶6-11]. A party claiming a breach of contract "must allege that it

(1992).



MALTZMAN FOREMAN, P.A., 2 South Biscayne Boulevard, Suite 2300, Miami, FL 33131 Tel: 305-358-6555/Fax: 305-374-9077

performed all contractual conditions required of it." *Byczek v. Boelter Cos.*, 264 F. Supp. 2d 720, 723 (N.D. Ill. 2003), citing *Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987) ("An essential allegation of a complaint based upon a breach of contract is that the plaintiff performed all contractual conditions required of him."); *cf. Johnson v. Geico Gen. Ins. Co.*, No. 08-80740-CIV-Marra, 2008 U.S. Dist. LEXIS 108487 *6 (S.D. Fla. Nov. 3, 2008) ("[B]y pleading 'all conditions precedent' have been met, the Complaint adequately alleges a breach of contract claim."). Federal Rule of Civil Procedure 9(c) further sets forth the requirements for pleading performance of conditions precedent: "it suffices to allege generally that all conditions precedent have occurred or been performed." *See also Patterson v. State Farm Mut. Auto. Ins. Co.*, No. 1:05-cv-1782, 2006 U.S. Dist. LEXIS 47693 *8-9 (S.D. Ind. July 6, 2006) ("Rule 9(c) of the Federal Rules of Civil Procedure has liberalized pleading requirements with respect to conditions precedent, but the rule still requires a plaintiff alleging a breach of contract to allege that she has performed all conditions required of her.").

Under the Contract, certain acts were required before the Plaintiff could demand payment from Ashchurch. However, the Plaintiff fails to allege that it performed all contractual conditions required of it or that all conditions precedent have been satisfied. For instance, Article 4.5 of the Contract provides as follows:

> The Contract Price shall be paid in monthly instalments (sic) for which the Yard shall invoice the Owner on the basis of the building process and invoices due from subcontractors. Draft invoices will be sent to the Owner for its review within two (2) working days in advance. **<u>Should no comments be received by the Yard within that period then it shall transmit the final invoices to the Owner</u>**.

*Contract* at Art. 4.5 (emphasis added). The Plaintiff does not allege that this condition, or any



MALTZMAN FOREMAN, P.A., 2 South Biscayne Boulevard, Suite 2300, Miami, FL 33131 Tel: 305-358-6555/Fax: 305-374-9077

other condition, has been satisfied.[6] The Plaintiff only alleges that "appropriate demands [were made] by Plaintiff." [DE 5, ¶10].

As the Plaintiff has failed to allege that it has performed all contractual obligations required of it and that all conditions precedent have been met, Ashchurch respectfully submits that the AVC fails to adequately state a claim for breach of contract.

### IV. The Plaintiff's Request to Attach All of Ashchurch's Property in this District Should be Stricken and/or Dismissed

In Count II of the AVC, the Plaintiff requests that the Court enter an Order attaching the *M/Y Le Grand Bleu* as well as "any assets belonging to Defendant which may be found in this District[.]" [DE 5, ¶18]. After this Court entered Orders directing the U.S. Marshal to arrest and attach the *M/Y Le Grand Bleu* (DE 10, 12), the parties entered into an agreement substituting a bond in the amount of €346,886.19 for the *M/Y Le Grand Bleu* and her boats, tackle, apparel and furniture, engines and appurtenances as security for the Plaintiff's claims against Ashchurch. [DE 15]. The agreement and the accompanying bond specifically precluded the Plaintiff from arresting or attaching any of Ashchurch's property with respect to the Plaintiff's claims arising out of the Contract. *Id*. Pursuant to this agreement, this Court entered an Order directing the release of the *M/Y Le Grand Bleu* and her boats, tackle, apparel and furniture, engines and appurtenances. [DE 16].

Because the Plaintiff expressly agreed that the bond in the amount of €346,886.19 would preclude the Plaintiff from attaching or arresting any of Ashchurch's property, Ashchurch

[6] In fact, Ashchurch expressly notified the Plaintiff that the work performed on the *M/Y Le Grand Bleu* did not meet the quality standards required by the Contract. *See, e.g., Contract* at Art. 2.3 entitled "**Quality Standard**" (The Yard performs its work in accordance with the highest standard for commercial yacht building in Northern Europe.") and at Art. 2.4 entitled "**Classification Society and Rules and Regulations**" ("All of the works to be undertaken on the Vessel under this Contract shall be performed to the satisfaction of the Classification Society and

respectfully requests this Court to dismiss and/or strike the portion of the Plaintiff's AVC which seeks attachment of any of Ashchurch's assets "which may be found in this District." [DE 5, ¶18].

WHEREFORE the Defendant Ashchurch Holdings, Ltd. respectfully requests that this Court enter an Order dismissing the Plaintiff's Amended Verified Complaint for Improper Venue. Alternatively, the Defendant Ashchurch Holdings, Ltd. respectfully requests that this Court enter an Order dismissing the Amended Verified Complaint for failing to state a claim upon which relief can be granted and/or striking the Plaintiff's Amended Verified Complaint to the extent that it requests the Court to enter an Order attaching Ashchurch's property that may be found within the Southern District of Florida.

Dated: December 7, 2010
Miami, Florida

Respectfully submitted,

**MALTZMAN FOREMAN, P.A.**

BY: /s/*Brett M. Berman, Esq.*
Jeffrey E. Foreman, Esq.
Florida Bar No. 0240310
jforeman@mflegal.com
Karina M. Cerda Collazo, Esq.
Florida Bar No. 626775
kcerda@mflegal.com
Brett M. Berman, Esq.
Florida Bar No. 68221
bberman@mflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant*

---

Flag State Authorities.").

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: /s/*Brett M. Berman, Esq.*
Brett M. Berman, Esq.

**SERVICE LIST**
**CASE NO. 10-62198-CIV-Judge: Cooke/Magistrate Judge: Bandstra**

Vincent O'Brien, Esq.
vobrien@marinelex.com
DeOrchis, Hillenbrand & O'Brien, LLP
8751 West Broward Boulevard
Suite 106
Fort Lauderdale, FL 33324
Phone: 954-652-0100
Fax: 954-652-0103
*Attorneys for Plaintiff*

Jeffrey E. Foreman, Esq.
jforeman@mflegal.com
Karina M. Cerda Collazo, Esq.
kcerda@mflegal.com
Brett M. Berman, Esq.
bberman@mflegal.com
Maltzman Foreman, P.A.
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant*